UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JULIETTE NALUBWAMA KAWEESA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO: |
| JOHN D. ASHCROFT, | ) | Docket # 04-10513-WGY |
| BRUCE CHADBOURNE, and | ) | |
| KATHLEEN M. DENNEHY, | ) | |
| Respondents. | ) | |

## RESPONDENTS' OPPOSITION TO THE PETITIONER'S REQUEST FOR A STAY

On March 17, 2004, this court conducted a hearing upon the Petitioner's request for an emergency stay of removal filed in conjunction with the Petition for Writ of Habeas Corpus. Upon representation of the Respondents that the Petitioner would not be removed on or before April 18, 2004, the Court administratively closed this matter.

The Petitioner has since been scheduled to be removed on April 21, 2004, and has filed a Motion to Reopen the Proceedings and an Emergency Motion for a Stay of Removal.

For the reasons stated more fully herein, this Court lacks jurisdiction to entertain the Petition or Motion for an Emergency Stay.

## Facts

Petitioner is a native and citizen of Uganda who was admitted to the United States as a visitor for pleasure on August 2, 1994, authorized to remain in the United States until February 1, 1995. She has remained in the United States unlawfully since then. Removal proceedings were begun against petitioner by an administrative Notice to Appear dated February 23, 1999, and petitioner was charged with deportability under 8 U.S.C. § 1227(a)(1)(B), as being an alien who has remained in the United States for a time longer than permitted.

Petitioner's removal hearing was scheduled for May 13, 1999, but she failed to appear and was ordered removed *in absentia* on that date. She moved to reopen proceedings before the Immigration Judge ("IJ"), but by decision dated June 23, 1999, the IJ denied the motion to reopen, finding that there had been a failure to establish "exceptional circumstances" accounting for the failure to appear. Petitioner appealed the IJ's denial to the Board of Immigration Appeals ("BIA"), and by decision dated May 6, 2002, the BIA affirmed the denial of the IJ.

Petitioner failed to seek judicial review of the BIA's May 6, 2002, order at the First Circuit Court of Appeals, as she could have. See 8 U.S.C. §1252(b)(1).

Petitioner was located as an immigration fugitive and taken into custody on June 18, 2003, and has remained in custody pending receipt of travel documents necessary to execution of the removal order.

On July 30, 2003, Petitioner moved to reopen her case for the purpose of renewing her asylum application, based upon her assertion of materially changed country conditions in Uganda. By decision dated November 12, 2003, the BIA denied the motion to reopen.

Petitioner failed to seek judicial review of the BIA's November 12, 2003, order at the First Circuit Court of Appeals, as she could have. See 8 U.S.C. §1252(b)(1).

<u>Argument</u>

**I.    The Scope of Habeas Review**

The scope of habeas review is not the same as the scope of statutory judicial review in the courts of appeal. <u>Heikkila v. Barber</u>, 345 U.S. 229, 236 (1953). Habeas review is appropriate for allegations that detention was "based on errors of law, including the erroneous application . . . of statutes." <u>INS v. St. Cyr</u>, 533 U.S. 289, 302 (2001). More succinctly, if the statute in question "makes an alien eligible to be considered for a certain form of relief, he may raise on habeas the refusal of the agency to even consider him. <u>But he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief</u>." <u>Saint Fort v. Ashcroft</u>, 329 F.3d 191, 203 (1st Cir.2003) (emphasis added).

**II.    The Petitioner Fails to Establish Any Colorable Claim of Legal Error in the Denial of the First Motion to Reopen**

A.    The Statutory Scheme of *In Absentia* Removal

Title 8 U.S.C. §1229a, sets out the procedure applicable to *in absentia* removal proceedings.

> (A) Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

8 U.S.C. §1229a(b)(5)(A).

The Petitioner concedes notice and that she failed to appear for her scheduled removal hearing. As such, the Petitioner cannot credibly argue that she was not subject to *in absentia*

3

removal under 8 U.S.C. §1229a(b)(5)(A).

To alleviate the potential injustice of removal in the absence of notice, Congress specifically legislated a limited remedy, expressly conferring discretion upon the IJ:

Such an order <u>may</u> be rescinded only--

(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1) of this section), or (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. §1229a(b)(5)(C) (emphasis added).

In response to a motion to reopen filed pursuant to this provision, the IJ has found that the Petitioner failed to demonstrate "exceptional circumstances" warranting reopening under 8 U.S.C. §1229a(b)(5)(C).[1]

C.    The Decision to Reopen *In Absentia* Proceedings Is Discretionary, and, Therefore, Outside the Scope of Habeas Review

The Denial of this Petitioner's first motion to reopen is a discretionary decision, outside the scope of habeas review.  Congress created no statutory right to have a motion to reopen granted in these circumstances, expressly legislating that the determination was discretionary. <u>See</u> 8 U.S.C. §1229a(b)(5)(C) (an in absentia removal order "<u>may</u> be rescinded").  Indeed, this Court has rejected habeas review in a similar action in which the Petitioner sought habeas review

---

[1]To the extent the Petitioner alleges claims of "ineffective assistance of counsel," it is axiomatic that the Petitioner cannot argue ineffective assistance of counsel as to matters upon which the Petitioner was pro se.  <u>See</u>, <u>e.g.</u>, <u>Faretta v. California</u>, 422 U.S. 806, 834 n.46 (1975)(in the context of a criminal appeal, the Supreme Court has noted "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'")

of the denial of a motion to reopen an *in absentia* removal, reasoning that:

> [A] statutory right is a necessary predicate to proper habeas jurisdiction. It is not clear that any statutory right existed here because the statute [8 U.S.C. §1229a(b)(5)(C)] does not require that an order be rescinded if the petitioner demonstrates exceptional circumstances; rather, the statute merely states that an order "may" be rescinded. Such language casts doubt on the statutory "right" upon which Lopez's entire petition rests. The precatory--as opposed to mandatory-- language itself further suggests that whether to rescind the order is discretionary.
>
> Even assuming such a right exists, the First Circuit has ruled that, on statutory judicial review, it reviews the Board's denial of a motion to reopen for "abuse of discretion." Such a standard of review strongly suggests that a decision on a motion to reopen presents a question of discretion, not one of pure law.

Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003) (internal citations omitted). The denial of a motion to reopen in absentia removal proceedings does not constitute a "colorable claim of legal error" cognizable in habeas.

**III.    The Petitioner Has Procedurally Defaulted the Claims Raised in Her Second Motion to Reopen and the BIA's Requirement that the Petitioner Comply With Timing and Evidentiary Requirements Does Not Run Afoul of Due Process**

The Petitioner also complains of the refusal of the BIA to grant the Petitioner' Second Motion to Reopen, filed on June 30, 2003, which advanced an asylum claim based on changed circumstances and sought relief under the Convention Against Torture.

A.    The Claims Have Been Procedurally Defaulted

The appropriate avenue for review of the Petitioner's claims with regard to the denial of the second motion to reopen was to have appealed to the First Circuit within 30 days of the entry of the final order by the BIA.[2]  Petitioner is not deportable as a criminal alien, so that statutorily prescribed procedure was fully available to her. See generally Foroglou v. Reno, 241 F.3d 111,

_____

[2]See 8 U.S.C. §1252(b)(1).

5

115 (1st Cir. 2001) (alien not subject to deportation on criminal basis has full access to Court of Appeals review).

Because petitioner failed to pursue the prescribed avenue for judicial review, she has waived her right to habeas corpus review of the denial of her second motion to reopen.  <u>See Arloo v. Ashcroft</u>, 238 F.Supp.2d 381, 383 (D. Mass. 2003) ("a habeas corpus action filed after abandonment of an available statutory judicial review before the Court of Appeals is barred by 8 U.S.C. § 1252(d).")(citing <u>Foroglou v. Reno</u>, 241 F.3d 111, 115 (1st Cir.2001)) .

B.    The BIA Appropriately Required the Petitioner to Comply with Timing and Evidentiary Standards

To the extent the Petitioner alleges that the failure of the BIA to consider the merits of this action constitutes a denial of Due Process, such claims are without basis in law.  The BIA concluded that the Petitioner's second motion to reopen was untimely.  Further, to the extent she alleged a claim not subject to the timing requirements, the BIA concluded that the Petitioner did not meet her burden of establishing a prima facie case.

A motion to reopen must ordinarily be filed within ninety days of a final order.  <u>See</u> 8 U.S.C. §1229a(c)(6)(C)(i); 8 C.F.R. §1003.2; and 8 C.F.R. §1208.1.  The Petitioner's second motion to reopen was filed in June of 2003, more than a year after the entry of a final removal order in May of 2002.  The BIA appropriately concluded that the claims were untimely.  Nothing

6

in the Due Process Clause prohibits the BIA from subjecting aliens to time limits:

> As is true with time limits that American citizens are required to meet, Prado was held to time limits, and she failed to meet them.  Whether the outcome-- removal from the United States--would have been the same had she complied with the time limits and properly presented an application for adjustment of status, no one knows.  Under the INA as amended by IIRIRA, sadly she will either be separated from her family, or, in order to stay together, she and her family will have to leave this country.  Neither Congress nor the Constitution has given the courts a role in this outcome.")

Prado v. Reno, 198 F.3d 286, 292-293 (1ˢᵗ Cir. 1999)(emphasis added).

The ninety day time limit is inapplicable to a motion to reopen to "reapply for asylum . . . based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. §1003.2.  The BIA appropriately determined that the Petitioner had failed to make a prima facie showing.  Pursuant to the applicable regulations, the burden is on the Petitioner to establish a *prima facie* right to relief.[3]   See also, INS v. Doherty, 502 U.S 314, 323 (1992); INS v. Wang, 450 U.S. 139, 143 n.5 (1981)( "Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case.  It will also waste the time and efforts of immigration judges called upon to preside at hearings automatically required by the

---

[3]See 8 C.F.R. §1003.2(c)(1), which provides:
A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation. A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. . .". Emphasis added.

prima facie allegations.")(citation omitted).[4]

The denial of the Petitioner's second motion to reopen was appropriate, and, in any event, the Petitioner has procedurally defaulted any claim of error.

### III.   The Petitioner's Instant Request for a Stay, Pending an Opportunity to Seek the Favorable Exercise of Discretion, is Barred by 8 U.S.C. 1252(g).

The Petitioner seeks a stay, pending review by the BIA of what is now her third motion to reopen her removal proceedings.  The decision whether to grant such relief is discretionary with the BIA, and outside the scope of this Court's habeas jurisdiction.  Moreover, 8 U.S.C. §1252(g) prohibits this Court from issuing a stay pending an opportunity to seek discretionary relief from the BIA.

Section 1252(g), of Title 8 provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g).[5]

---

[4]To the extent the Petitioner argues that the BIA failed to consider the Petitioner's claims under the Convention Against Torture, the Petitioner's misconstrues the BIA's opinion. The BIA found such claims to be time barred.

[5]In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999), the Supreme Court held that 8 U.S.C. § 1252(g) blocks review in the district court of three particular kinds of administrative decisions: to "commence proceedings, adjudicate cases, or execute removal orders." The "[e]xcept as otherwise provided" clause that opens § 1252(g) allows review of removal orders in the courts of appeals, see §1252(a)(1), but review by district courts is not "otherwise provided in this section" and therefore is blocked. See Chapinski v. Ziglar, 278 F.3d 718 (7th Cir.2002); Bhatt v. Reno, 204 F.3d 744 (7th Cir.1999).

The *sine qua non* of a request for a stay in the context of habeas proceedings is the entitlement to habeas relief. Stated another way, 8 U.S.C. §1252(g) would not bar this Court from entering a stay where the Petitioner put forward some evidence of entitlement to habeas relief, *ie.*, a legal or constitutional error, for the purpose of preserving the status quo pending a ruling on the request. See Foroglou v. Reno, 241 F.3d 111, 114-115 (1st Cir. 2002) ("where a habeas court has before it a colorable claim for habeas relief, we have held that it may preserve its jurisdiction by granting ancillary relief to stay deportation *pendente lite*.")[6] Section 1252(g) of Title 8 prohibits, however, exactly what this Petitioner seeks, a stay in hopes that the Immigration Court may possibly exercise discretion in her favor.

The instant request for a stay, absent an allegation of legal or constitutional error that calls into question the validity of the underlying removal order, is barred by 8 U.S.C. §1252(g). See Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "is not being deported for criminal offenses and has had full access to the [Circuit Court of Appeals] for direct review of orders leading to his deportation . . . it is hard to view the habeas petition as anything other than an attempt, contrary to [INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent the Attorney General from 'execut[ing] [a] [removal order[].'")(emphasis added); and see also, Sharif v. Ashcroft, 280 F.3d 786 (7th Cir. 2002).

---

[6] To be sure, the United States Supreme Court held in INS v. St. Cyr, 533 U.S. 289 (2001), that this provision did not foreclose all use by aliens of 28 U.S.C. § 2241, the general habeas corpus statute. But St. Cyr does not disturb the holding of Reno v. American-Arab Anti-Discrimination Committee. The scope of habeas review is limited to claims of legal or constitutional error. See, e.g., Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.")

## Conclusion

For the foregoing reasons, the Respondents request that the Petitioner's request for a stay be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the Petitioner by hand  on this 20th day of April 2004.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

10