**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A75 835 579 - Boston          Date:  **MAY 3 2004**

In re: JULIET NALUBWAMA KAWEESA

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Alexandra Dufresne, Esquire

ON BEHALF OF DHS:   Bernard Menendez
                    Assistant Chief Counsel

CHARGE:

   Notice:  Sec.   237(a)(1)(B), I&N Act [8 U.S.C. § 1227(a)(1)(B)] -
                  In the United States in violation of law

APPLICATION:  Reopening

   The respondent moves the Board to reopen our decision dated May 6, 2002. The motion will be denied.

   The facts and circumstances of this case were set forth in our last decision dated November 12, 2003, denying the respondent's first motion to reopen. In our last decision we denied the motion to reopen noting serious deficiencies with the supporting evidence and finding that the respondent had not demonstrated prima facie eligibility for asylum. We also found that the respondent had not explained why she waited nearly one year after the Board's May 6, 2002, decision dismissing the appeal to file the motion to reopen. See 8 C.F.R. §§ 1003.2(c), 1003.23(b). We also denied the motion as untimely.

   On April 15, 2004, the respondent has filed the instant second motion to reopen. The motion is untimely. 8 C.F.R. § 1003.2(c)(2). Moreover, the regulations provide that motions to reopen shall be limited to one motion in any case previously the subject of a final decision by the Board. See 8 C.F.R. § 1003.2(c)(2). The motion to reopen is therefore barred by numerical limitations.

   In the respondent's motion she has attached several background documents including the *United States Department of State, Country Reports on Human Rights Practices - Uganda - 2003* (February 25, 2004), a *Human Rights Watch* report dated March 2004, and two affidavits. There is no reasonable explanation offered as to why relevant documentary evidence and the attached affidavits could not have been previously discovered and presented in a timely manner pursuant to the regulations. *See INS v. Abudu*, 485 U.S. 94 (1988); 8 C.F.R. § 1003.2(c)(1). Therefore, we conclude that the respondent's motion to reopen does not fall within the time and numerical limits exception of 8 C.F.R. § 3.2(c)(3)(ii).

A75 835 579

We also deny the motion in the exercise of discretion. Motions to reopen are disfavored. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Rios-Pineda*, 471 U.S. 444, 450 (1985)(disfavoring legal maneuvers designed to delay deportation). Accordingly, this Board has "broad discretion" to grant or deny such motions. *See INS v. Doherty, supra*, at 322; *INS v. Rios-Pineda, supra*, at 449; *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984).

The motion appears to be dilatory in nature in that this is now the respondent's second motion to reopen and the attached documents could have been presented earlier. Moreover, in our last decision denying the respondent's first motion to reopen, we found that the respondent had failed to explain why she waited for such a considerable length of time to file the initial motion to reopen.

ORDER: The motion to reopen is denied.

_____
FOR THE BOARD

2