```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|   |   |
|---|---|
| JULIETTE NALUBWAMA KAWEESA, | ) |
|   | ) |
| Petitioner, | ) |
|   | ) |
| v. | ) CIVIL ACTION |
|   | ) NO. 04-10513-WGY |
| JOHN D. ASHCROFT, | ) |
| BRUCE CHADBOURNE, and | ) |
| KATHLEEN M. DENNEHY, | ) |
|   | ) |
| Respondents. | ) |

ORDER

YOUNG, C.J.                                                May 28, 2004

In this case, an immigration judge considering the asylum application and Torture Convention claim of Petitioner Juliette Nalubwama Kaweesa ("Kaweesa") entered an order of removal in absentia. Kaweesa had failed to appear at her scheduled hearing. Both the immigration judge and the Board of Immigration Appeals ("BIA") subsequently denied her requests to reopen her case and for a new hearing.

It is unclear from the record whether, in rendering their decisions, the immigration judge or the Board of Immigration Appeals ever fully informed Kaweesa of her right to appeal to the BIA and, ultimately, to the First Circuit Court of Appeals. Whether and when Kaweesa was informed of her appeal rights may be important in determining whether this Court has jurisdiction and whether Kaweesa is entitled to any relief.

This Court has committed itself to resolving this case by June 11. Because there is not much time left, the Court requests that the parties submit by Monday, June 7, 2004, any evidence regarding the following: when, if ever, any government official informed Kaweesa of her right to appeal decisions of the immigration judge to the BIA; when, if ever, any government official informed Kaweesa of her right to appeal decisions of the BIA to the First Circuit; when, if ever, Kaweesa learned of her rights to appeal to the BIA and the First Circuit. The Court requests that Kaweesa submit an affidavit answering this questions (ideally, prepared in consultation with an attorney), and provide any other evidence she has regarding them.

Of course, were the government for any reason simply to grant Kaweesa a new hearing before an immigration judge on the merits of her asylum and Torture Convention claims, and to abstain from removing her until she has had her hearing, exhausted any administrative appeals, and had time to seek a stay of removal from the First Circuit, the Court would no longer require the information requested above.

SO ORDERED.

/s/ William G. Young
_____
WILLIAM G. YOUNG
CHIEF JUDGE