UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                            )
JULIETTE NALUBWAMA KAWEESA, )
                            )
        Petitioner,         )
                            )
        v.                  )    CIVIL ACTION
                            )    NO. 04-10513-WGY
JOHN D. ASHCROFT,           )
BRUCE CHADBOURNE, and       )
KATHLEEN M. DENNEHY,        )
                            )
        Respondents.        )
                            )
```

ORDER

YOUNG, C.J.                                    June 14, 2004

    In this case, a hearing officer considering the asylum
application and Torture Convention claim of Petitioner Juliette
Nalubwama Kaweesa ("Kaweesa") entered an order of removal in
absentia on May 13, 1999.  Kaweesa had failed to appear at her
scheduled hearing.  On June 23, 1999, the hearing officer denied
Kaweesa's motion to reopen her case.  On May 6, 2002, the Board
of Immigration Appeals ("BIA") affirmed that denial without
opinion.  Kaweesa then moved to have the BIA reopen her case and
stay removal, both of which requests the BIA denied in a one-and-
a-half page opinion issued on November 12, 2003.  Kaweesa again
filed a motion with the BIA to reopen her case, and the BIA
denied that motion in a brief opinion issued on May 3, 2004.

    The Court reads Kaweesa's habeas corpus petition as asking
the Court to review the following decisions: (1) the May 13, 1999

removal order; (2) the hearing officer's June 23, 1999 denial of
Kaweesa's motion to reopen the case; (3) the BIA's May 6, 2002
summary affirmance of the that decision; (4) the BIA's November
12, 2003 denial of Kaweesa's motion to reopen her case and to
stay removal; and (5) the BIA's May 3, 2004 denial of another
motion by Kaweesa to reopen her case and to stay removal.

The Court holds that it lacks jurisdiction to review the
BIA's May 3, 2004 decision.  The proper avenue for review of that
decision is appeal to the First Circuit, and the record shows
that Kaweesa's attorney informed her of her right to appeal to
the First Circuit.

It is a more difficult question whether the Court has habeas
jurisdiction to review the four earlier decisions, however.  The
Court has received submissions from the parties concerning the
questions as to whether and when Kaweesa learned of her right to
appeal to the First Circuit.  The Court finds, based on the
record before it, that the government has never in any way
informed Kaweesa of this right.  Kaweesa acknowledges, however,
that she learned of this right in time to appeal the BIA's May 6,
2002 decision to the First Circuit.  According to her affidavit
[Doc. No. 19], her attorney at the time told her that he had
appealed the BIA's decision to the First Circuit on her behalf.
Kaweesa Aff. ¶¶ 14-24, 33.

Given Kaweesa's knowledge, as of June or July 2002, that she had a right to appeal BIA decisions to the First Circuit, and given that she was represented by counsel during the proceedings leading up to the BIA's November 12, 2003 denial of her motion to reopen her case and to stay removal, the Court holds that it lacks jurisdiction to review that decision.  The Court does not yet pass on the extent to which provisions for direct review in the courts of appeals restrict the availability or scope of habeas review.  Here, however the kind of review in which a habeas court would engage would be similar if not identical in scope to the kind in which an appellate court would engage on direct review.  Barring a due process violation or other unusual circumstances, habeas jurisdiction in these circumstances would be indistinguishable from direct review (except that there would be no time limit), and would be inconsistent with the statutory provisions governing direct review.  The Court will explain this more fully in its final opinion in this case.

It remains unclear, however, whether the Court has habeas jurisdiction to review the first three decisions: the May 13, 1999 removal order; the hearing officer's June 23, 1999 denial of Kaweesa's motion to reopen the case; and the BIA's May 6, 2002 summary affirmance of the that decision.  With regard to the latter two, if Kaweesa's averments regarding the conduct of her attorney at the time, Alex Almondel, are true, it may be that

some sort of fundamental miscarriage of justice has occurred.  As
to the original removal order, even if the government's failure
to inform Kaweesa of her right to appeal to the First Circuit was
fundamentally unfair in a way that would implicate the Due
Process Clause of the Fifth Amendment to the United States
Constitution, it does not appear to the Court that any prejudice
resulted.  Entering of the order was a permissible action, and
the real question in this case is whether Kaweesa has provided
sufficient grounds to reopen her case.

Thus, at most, the Court has habeas jurisdiction to review
the hearing officer's June 23, 1999 refusal to reopen Kaweesa's
case and the BIA's May 6, 2002 summary affirmance of that
decision.  The Court lacks jurisdiction to review any of the
other decisions at issue in this case.  The government may submit
any evidence it has to dispute Kaweesa's sworn averments that her
lawyer falsely told her that he had appealed the May 6, 2002
decision to the First Circuit.

With respect to the June 23, 1999 and May 6, 2002 decisions,
the Court still has a number of questions that the parties have
not adequately addressed: (1) Assuming that Kaweesa's lawyer
failed to file the First Circuit appeal he told her he had filed,
does this Court have habeas jurisdiction to review the BIA's
decision, and to address legal claims that were beyond the BIA's
power to address?  <u>See</u> Pet. [Doc. No. 10] at 2; (2) Does

4

jurisdiction only exist if the lost opportunity to appeal resulted in prejudice or likely resulted in prejudice?; (3) Was there prejudice or likely prejudice, and if so, how?; (4) If the Court does have jurisdiction, what is the scope of that jurisdiction?; (5) In performing the statutory interpretation necessary to answer these questions, what role, if any, do the following play in resolving statutory gaps, conflicts, and ambiguities -- international treaties, customary international law, the presumption against interpreting statutes to violate the United States' international legal obligations, the presumption in favor of judicial review of administrative action, the presumption in favor of habeas jurisdiction, the presumption against implied repeals, the constitutional avoidance canon, the requirement that courts interpret statutes favorably to immigrants, the purpose of the immigration statutes and regulations, and legislative history regarding the immigration statutes?

The Court requests that the parties submit further briefing on these questions, as well as any evidence relevant to them. The Court will accept a brief or other materials from Kaweesa as late as Monday, June 28, 2004, and will accept a brief or other materials from the government as late as Friday, July 9, 2004. The Court will then resolve this matter as quickly as is reasonably possible.

Of course, were the government for any reason simply to grant Kaweesa a new hearing before a hearing officer on the merits of her asylum and Torture Convention claims, and to abstain from removing her until she has had her hearing, exhausted any administrative appeals, and had time to seek a stay of removal from the First Circuit, the Court would no longer require the information requested above.

SO ORDERED.

/s/ William G. Young

WILLIAM G. YOUNG
CHIEF JUDGE