UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAR 12 P 3:48

U.S. DISTRICT COURT
DISTRICT OF MASS.

File:   A75 835 579

In the Matter of            )
                            )
Juliet Nalubwama KAWEESA,   )   IN REMOVAL
                            )   PROCEEDINGS
Respondent                  )

CHARGE:   Section 237(a)(1)(B) of the Immigration and Nationality Act ("the Act") [8 U.S.C. §1227(a)(2)(1)(B)] - Remained in the United for a Time Longer than Permitted

APPLICATION:   Motion to Reopen

ON BEHALF OF RESPONDENT:
Daniel F. Cashman, Esq.
270 Bridge Street, Suite 204
Dedham, Massachusetts 02026-1764

ON BEHALF OF SERVICE:
Assistant District Counsel
Trial Attorney Unit - INS
JFK Federal Bldg., Rm. 425
Boston, Massachusetts 02203

## DECISION OF THE IMMIGRATION JUDGE

On May 19, 1999, the respondent sent the Court a letter with the intention of reopening these proceedings. On June 9, 1999, counsel filed a motion to reopen. The respondent's letter and motion will be consolidated and considered herewith. The respondent concedes that she received notice of her May 13, 1999 proceeding. However, she asserts that she misread the dates on her notice of hearing and inadvertently assumed that her hearing was scheduled for May 17, 1999.

As of the date of this decision, the Immigration and Naturalization Service ("the Service") has not filed a response to the respondent's motion. Therefore, the Service will be deemed unopposed. See Local Operating Procedure #3.4 (1999).

The Service served the respondent a Notice to Appear ("NTA") alleging that she is a native and citizen of Uganda who was admitted to the United States on or about August 2, 1994 at or near New York, New York. At the time, the respondent was admitted as a nonimmigrant visitor with authorization to remain in the United States until February 1, 1994. The NTA also alleges that the respondent remained in the United States beyond that date without the

10

permission of the Service     sed on the factual allegations, the         ce contends that the respondent is removable for remaining in the United States for a time longer than permitted.

Written notice was provided to the parties of a hearing before the Court on May 13, 1999. Upon the respondent's failure to appear, the Court held an in absentia hearing and entered an in absentia order of removal to Uganda based on the charge contained in the NTA.

A hearing in absentia is appropriate where the alien had notice of his hearing, had an opportunity to attend, and showed no reasonable cause for his failure to appear. Matter of Patel, 19 I & N Dec. 260 (BIA 1985), aff'd, Patel v. INS, 803 F.2d 804 (5th Cir. 1986); Matter of Marallag, 13 I & N Dec. 775 (BIA 1971). Where an Immigration Judge conducts a removal hearing in absentia, an alien can move to have the Immigration Judge reopen the proceedings when the cause for the alien's failure to appear relates to facts not before the Immigration Judge at the time of his decision. Matter of Haim, 19 I & N Dec. 641 (BIA 1988).

An in absentia order of removal may only be rescinded by filing a motion to reopen with the Immigration Judge within 180 days after the date of the order of removal if the alien demonstrates that his failure to appear was because of exceptional circumstances (as defined in section 240(e)(1) of the Act) or upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with section 239(a)(2) of the Act or the alien demonstrates that the alien was in Federal or State custody and did not appear through no fault of the alien. INA §240(b)(5)(C). The Immigration Judge has jurisdiction to reopen any case in which she or he has made a decision, but the motion to reopen will not be granted unless the Immigration Judge finds that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing. 8 C.F.R. §3.23. A party seeking to reopen proceedings must state the new facts the party intends to establish, supported by affidavits or other evidentiary material. See 8 C.F.R. §103.5; INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I & N Dec. 136 (BIA 1983; AG 1984); Matter of Reyes, 18 I & N Dec. 249 (BIA 1982).

The Immigration Judge has jurisdiction to reopen any case in which she or he has made a decision, but the motion to reopen will not be granted unless the Immigration Judge finds that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing. See 8 C.F.R. §3.23(b)(3). A party seeking to reopen proceedings must state the new facts the party intends to establish, supported by affidavits or other evidentiary material. See 8 C.F.R. §3.23(b)(3); INS v. Wang, 450 U.S. 139 (1981); Matter of Leon-Orosco and Rodriguez-Colas, 19 I & N Dec. 136 (BIA 1983; AG 1984); Matter of Reyes, 18 I & N Dec. 249 (BIA 1982).

The respondent's motion will be denied. The respondent concedes that she received proper notice of hearing but that she inadvertently misconstrued her hearing date. Pursuant to section 240(f)(2) of the Act, "exceptional circumstances" refers to circumstances such as the death or illness of the alien or his/her immediate relative but not anything less compelling which is beyond the control of the alien. Although the respondent's error is not incomprehensible, she has failed to demonstrate that exceptional circumstances beyond her control prevented her from attending these proceedings. The respondent could have easily contacted the Court to verify her

hearing date to avoid her ~~~~ ~~ma. Therefore, the Court declines ~~ ~eopen these proceedings. Based on the foregoing, the following order shall enter:

ORDER: IT IS ORDERED that the Respondent's Motion to Reopen these proceedings be, and the same is hereby DENIED.

_6/23/99_
Date

_William P. Joyce_
WILLIAM P. JOYCE
United States Immigration Judge

A75835579/mtr/6-15-99/csh          3