FILED
[CLERKS] OFFICE

2001 MAR 12 P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOSTON, MASSACHUSETTS

| | |
|---|---|
| KAWEESA, Juliette ) <br> ) <br> A 075 835 579 ) <br> ) <br> In Removal Proceedings ) | MOTION TO REOPEN REMOVAL PROCEEDINGS AND TO STAY REMOVAL |

Petitioner requests reopening of her removal proceedings based on changed circumstances in her country of nationality and newly acquired evidence that was not available previously. *See* INA §240(c)(6)(c); 8 C.F.R. §§3.2(c)(3)(ii); 3.23(b)(4)(i). Matter of J-J-, 21 I&N Dec. 976 (BIA 1997). Petitioner seeks the opportunity to demonstrate her eligibility for asylum under INA §208(a), or in the alternate, withholding of removal under Article 3 of the Convention Against Torture or, in the alternate, withholding of removal under INA §241(b)(3) of the INA.

## PROCEDURAL HISTORY

Petitioner, Juliette Kaweesa, is a Ugandan citizen. She entered the United States with inspection on August 2, 1994 and later submitted an I-589 Application for Asylum *pro se*. Her case was referred to the Executive Office for Immigration Review and she was scheduled for a Master Calendar hearing on May 13, 1999. Petitioner mistakenly believed that her hearing was scheduled for May 17, 1999. Upon realizing her mistake, she immediately filed a Motion to Reopen *pro se* on May 15, 1999. She later hired a private attorney who assisted her in amending the Motion to Reopen. Her Motion to Reopen was

6

denied, and Petitioner, through her former counsel, appealed the denial to the BIA. The BIA affirmed the decision of the Immigration Judge on May 6, 2002.

Petitioner was taken into custody at her home in Waltham, Massachusetts in June 2003 by the Department of Homeland Security. Petitioner is currently in detention at the Bristol County House of Correction in North Dartmouth, Massachusetts.

## FACTS

Petitioner's application for asylum was based on persecution on account of her religion and imputed political opinion. Petitioner was active in several Christian ministries in her native Uganda. Her late husband, Stephen Kaweesa, was Pastor of the Heritage Revived Church in Kampala Uganda, until he was murdered by government sanctioned security forces in 1994. Respondent's brother, David Kaweesa, was also murdered by government security forces during this period. *See* Declaration of Juliette Kaweesa, attached as Exhibit 1 [hereinafter Declaration].

After the murder of her husband, Ms. Kaweesa continued her work in Evangelical Christian Churches in Uganda through preaching and music ministry. She focused her efforts on working with women and children. In 1994 Ms. Kaweesa was arrested, detained, beaten, and raped by government security forces in Kampala, Uganda. Shortly after this detention and torture she fled to the United States arriving on August 2, 1994.

Since fleeing Uganda, Petitioner has been in contact with her adult son Fred Kaweesa, (a native and citizen of Uganda, date of birth January 9, 1976, no fixed address) who remained in Uganda.

In 2001, a neighbor of Petitioner called to tell her that he had heard screaming coming from Fred's house. The neighbor waited until the noises stopped and went to check on Fred. When he arrived he found Fred lying on the floor, bleeding profusely from several wounds and unable to talk. He brought Fred to the hospital in Kampala. Fred remained there for three weeks. *See* Declaration at 6.

When Fred was able to speak again he called Ms. Kaweesa in the United States and said that he was home alone at night when several men in plainclothes but driving an army truck came to the house and demanded to see his mother. They told Fred that there was a rumor that Juliette Kaweesa had returned to Uganda. When Fred told them that he did not know where his mother was they began to beat him. Respondent asked her son to send a picture of himself so she could know the extent of his injuries. *See id.* A copy of this photo is attached as Exhibit 2.

Petitioner's current counsel was able to contact Fred in Uganda by phone on July 23, 2003. Fred confirmed that in August 2001 several men broke into his house and questioned him about his mother, Juliette Kaweesa, and demanded to know where his younger brother and sister were. When Fred refused to give them any information what followed was, in his words, "The most horrible incident I have ever met". He was

severely beaten and woke up in the hospital. He never returned to his house and has been moving around Uganda and is "not settled" due to his fear and to the continued harassment and surveillance of the security forces.

Juliette Kaweesa received a letter from Father John Musisi of Christ Church Parish in Gulu, Uganda dated February 12, 2003 advising her not to return because the situation in the country was growing worse. The letter also indicates that Fr. Musisi had seen Fred, who was still very scared and had not returned home. *See* Letter of Fr. Musisi attached as Exhibit 3.

### ARGUMENT

#### I.  PETITIONER'S MOTION TO REOPEN SHOULD BE ALLOWED SO SHE MAY PRESENT EVIDENCE OF CHANGED CONDITIONS IN HER NATIVE COUNTRY AND NEW EVIDENCE NOT PREVIOUSLY AVAILABLE

A Motion to Reopen may be allowed under 8 CFR § 3.2 after an *in absentia* order is entered if there are changed circumstances. *See* Matter of A-N-&R-M-N-, 22 I&N Dec.953 (BIA 1999) [Alien allowed to reopen *in absentia* order based on changed circumstances despite no showing of reasonable cause for failure to appear at exclusion hearing]. The severe beating of Ms. Kaweesa's son, recent conversations with Fred regarding his lack of safety within Uganda, and the letter from Fr. John Musisi dated February 12, 2003 stating that the situation in Uganda was growing worse and advising her not to come home are indications of changed circumstances in Uganda since Ms. Kaweesa's removal order was entered.

## II. PETITIONER'S MOTION TO REOPEN SHOULD BE ALLOWED BECAUSE SHE HAS MET HER BURDEN OF PROOF TO APPLY FOR WITHHOLDING OF REMOVAL UNDER ARTICLE 3 OF THE CONVENTION AGAINST TORTURE AND WITHHOLDING OF REMOVAL UNDER INA §241(b)(3)

Under Article 3 of the Convention Against Torture "No state party shall expel, return or extradite a person to another state where there are substantial grounds for believing that he would be in danger of being subjected to torture". Ms. Kaweesa has met the burden of proof that she is "more likely than not " to be subject to torture upon removal. 8 C.F.R. §. 208.16(C)(2). Ms. Kaweesa was detained, raped and beaten by government officials in her native Uganda. *See* Declaration at 3. In addition, her son Fred has reported to both Ms. Kaweesa and her attorney that he moves frequently in Uganda because he is not safe anywhere and that his mother would be in danger if she returned. *See* 8CFR §208.16(C)(3). The gross violations of human rights within Uganda, as reported in the most recent U.S. Department of State Country Report on Human Rights Practices, support Ms. Kaweesa's claim that she will "more likely than not" be subjected to torture upon her removal. *See* U.S. Department of State, Uganda Country Reports on Human Rights Practices, March 31, 2003 [hereinafter Department of State Report], attached as Exhibit 7. Ms. Kaweesa's torture was at the hands of government sponsored security forces. *See* Declaration at 3. This claim is supported by State Department report which states, in part "...members of the security forces arrested and detained citizens arbitrarily." *See id* at 10; *see also* UGANDA: security agents accused of torture, IRINnews.org, April 11, 2003 attached as Exhibit 6.

Ms. Kawecsa is also eligible for withholding of removal under INA §241(b)(3) as she can demonstrate that her "life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group or political opinion." *See* Popova v. INS, 273 F.3d 1251 (9th Cir. 2001); Leiva-Montalvo v. I.N.S., 173 F.3d 749 (9th Cir. 1999).

For the above reasons, Petitioner respectfully requests that her case be reopened. Petitioner moves for a stay of removal while this motion and requested relief are under consideration.

Dated: July 25, 2003

Respectfully Submitted,

*Elizabeth Broderick*
Elizabeth Broderick
Attorney for Petitioner
174 Central Street, #402
Lowell, MA 01852
(781)883-3280