**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia  22041

---

File:   A75 835 579 - Boston

Date: NOV 12 2003

In re:   JULIET NALUBWAMA KAWEESA

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Elizabeth Broderick, Esq.

APPLICATION:   Reopening

ORDER:

   PER CURIAM. This case was last before us on May 6, 2002, when we summarily affirmed without opinion an Immigration Judge's decision dated June 23, 1999, denying her motion to reopen proceedings and rescind an *in absentia* order of removal entered in her case on May 13, 1999. The respondent now seeks reopening in order to re-apply for asylum, and withholding of removal, alleging changed circumstances in Uganda. The motion to reopen is denied.

   We first note that the respondent's motion to reopen is untimely. Motions to reopen must be filed within 90 days of the date of the Board's decision or by September 30, 1996, whichever is later. *See* 8 C.F.R. § 1003.2(c)(2). The Board's last decision in this case was rendered on May 6, 2002. The respondent's motion to reopen requesting asylum and withholding of removal relief was not received by the Board until July 30, 2003. The respondent's motion to reopen would therefore appear to be untimely. *See* 8 C.F.R. § 1003.2(c)(2).

   However, there is an exception where a motion to reopen is untimely or numerically-barred, and to have the motion considered, the respondent must demonstrate that changed circumstances giving rise to the new request for asylum have arisen in the country of nationality. *See* 8 C.F.R. §§ 1003.2(c)(2), (3)(ii). An alien can meet this requirement by providing sufficient facts and supporting documentary evidence, through affidavits or other evidentiary material, to establish *prima facie* eligibility for the relief sought as required by 8 C.F.R. § 1003.2(c)(1). The respondent has not met this burden.

   We note that the respondent's motion fails to make a *prima facie* showing of eligibility for the requested form of relief. In a declaration appended to her motion, the respondent alleges that sometime in 2001 her son was allegedly beaten by Ugandan security agents who were supposedly looking for her. The respondent does not explain why she waited nearly one year after the Board's

A75 835 579

decision, and nearly two years after the alleged event to file her motion alleging changed country conditions. Further, while she submitted a photograph of her son showing what may be a scar on his head, we have no medical reports, police reports, or even an affidavit from him explaining how the injuries were allegedly sustained. The respondent maintains that she was released by the Ugandan authorities in 1994 and allowed to travel to the United States to attend a religious conference. However, she fails to explain why anyone would still be interested in her after nearly a ten-year absence.

Nothing in the respondent's motion to reopen serves as a basis for us to find that the respondent has made a *prima facie* case that she would be harmed in light of the alleged changed circumstances in Uganda. Therefore, based on the total record before us, even assuming *arguendo* the respondent's motion to reopen was not untimely, we find that we have no basis for granting the respondent's motion to reopen on changed circumstances. Accordingly, the respondent's motion to reopen is denied.

_____
FOR THE BOARD