UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the matter of: Juliette Kaweesa ) <br> #A 75 835 579 ) <br> ) <br> Petitioner ) <br> ) <br> ) <br> JOHN D. ASHCROFT, Attorney General; ) <br> BRUCE CHADBOURNE, Interim Field ) <br> Office Director for Detention and Removal, ) <br> Boston Field Office, Bureau of Immigration ) <br> and Customs Enforcement; KATHLEEN M. ) <br> DENNEHY, Acting Commissioner, ) <br> Massachusetts Dep't of Correction, and the ) <br> Bureau of Immigration and Customs ) <br> Enforcement (BICE) ) <br> ) | Civ No. 04-10513-WGY |

**EMERGENCY MOTION TO STAY REMOVAL**

**Facts and Procedural History**

Ms. Kaweesa served as a Christian minister in Uganda. She worked mainly with women and children and was well known in Kampala for her preaching and music ministry. She often traveled with a portable microphone to preach and sing and would lead prayer groups. She became involved with a group call Human Rights Africa because they promoted respect for women, a message she shared with the women she spoke to through her ministry.

Ms. Kaweesa's husband, Stephen Kaweesa, was the pastor of the Heritage Revived Church in Uganda until he was taken away from their home by the government security officers in 1994. He was never heard from again and is presumed dead. Ms. Kaweesa believes that her husband was involved in a rebel freedom movement or opposition party. She also suspects that her brother was involved in such a movement as well.

Soon after her husband was taken away and disappeared, Ms. Kaweesa was detained by government security forces while she was about to speak at one of her church's "Crusades". Men in military uniforms took her to military barracks outside Kampala, where she was detained, beaten, kicked, and raped by several different men. She escaped detention and entered the United States on Augsut 2, 1994 on a B-2 Visa. She filed her application for Political Asylum pro se in October of 1997. Her case was referred to an Immigration Judge for lack of detail because her application did not have any detail.

Ms. Kaweesa was sent a notice that her Master Calendar hearing was scheduled for May 13, 1999 but she had mistaken the date for May 17, 1999. When she realized her mistake, she immediately went to the Immigration Court and asked to speak to the Judge. The clerk told her that she could not speak to the Judge, but that she should file a Motion to Reopen. She submitted a handwritten Motion to Reopen on May 19, 1999 and later hired Attorney Cashman to help her supplement her Motion to Reopen and eventually appeal the denial of this motion to the BIA.

On June 23, 1999 the Immigration Judge denied Ms. Kaweesa' Motion to Reopen stating: "Although the respondent's error is not incomprehensible, she has failed to demonstrate that exceptional circumstances beyond her control prevented her from attending these proceedings. The respondent could have easily contacted the Court to verify her hearing date to avoid her dilemma." The BIA affirmed the denial of her Motion to Reopen without an opinion on May 6, 2002.

Although neither Ms. Kaweesa nor her attorney realized that she missed her hearing due to strong evidence that Ms. Kaweesa suffered from Post Traumatic Stress Disorder (PTSD) and depression (Major Depressive Disorder or MDD) -- medical conditions which "frequnetly interfere with memory". This evidence was fully discussed and submitted in Ms. Kaweesa's Emergency Motion to Reopen before the BIA, filed April 15, 2003.

On or about May 6, 2002, Attorney Cashman informed Ms. Kaweesa of the BIA denial to her Motion to Reopen via a letter. She never heard from Attorney Cashman after receiving this letter and Attorney Cashman never responded to any of her many telephone messages she left at

his office. Attorney Cashman never informed her that he no longer wanted to represent her or of any legal options that she had with regards to her immigration case and her right to appeal.

Since Ms. Kaweesa was unable to contact Attorney Cashman, she decided to consult with another attorney in June or July of 2002. She went to Al Mondel, who office was located on Massachusetts Avenue in Cambridge Massachusetts. Al Mondel informed her that she could appeal the BIA's decision within 90 days from the date of the decision to the District Court of Massachusetts. She paid Mr. Mondel $1,500.00 in cash to appeal the BIA's decision.

In August of 2002, she spoke to Al Mondel who informed her that he filed the Motion to Reopen/Appeal. Al Mondel showed her a blue piece of paper stating that he had a receipt, which represented that her Motion to Reopen/Appeal was received. She had no reason to believe that Al Mondel was lying and misrepresenting himself to her.

From August 2002 until March or April of 2003, Ms. Kaweesa called Al Mondel on several occasions to get an update of her pending Motion to Reopen/Appeal. Al Mondel always responded by stating that he had not received a response regarding her Motion/Appeal and that he would contact her once he did receive a response.

On or about April of 2003, there was an article in a Boston newspaper concerning Al Mondel stating that he was misrepresenting himself as an immigration attorney and was not licensed to practice law in Massachusetts. Once Ms. Kaseewa saw that newspaper article, she consulted with Attorney Elizabeth Broderick immediately.

It was at this time that Ms. Kaseewa discovered that Al Mondel never submitted a Motion to Reopen/Appeal to the Board of Immigration Appeal on her behalf. After hiring Attorney Broderick, she immediately submitted a Motion to Reopen to the Board of Immigration Appeal in July 2003. Attorney Broderick received a denial for the Motion to Reopen in November of 2003. At this time, Attorney Broderick informed Ms. Kaseewa that she could no longer represent her since there was nothing left to do on her case and that her only option was to write

a letter to a Senator pleading for his/her help. Sometime after November 2003, Ms. Kaseewa wrote a lettter to a Senator pleading that they help her with my immigration problems.

In February or March of 2004, Ms. Kaseewa consulted with Attorney Alexandra Dufresne of the Boston College Law School Legal Services, 885 Centre Street, Newton, Massachusetts. Attorney Dufresne filed a Motion to Reopen with the Board of Immigration Appeal in April of 2004 which was later denied in May of 2004. Attorney Dufresne also withdrew from this case in May of 2004 stating that she could no longer assist Ms. Kaweesa because of the limited amount of resources at Boston College Law School Legal Services.

A Petition for Writ of Habeas Corpus and Emergency Request for Preliminary Injunction Staying Removal was filed with this Honorable Court in May of 2004. This Court issued an Order on June 14, 2004 requesting "the parties submit further briefing." Upon receipt of the additional materials, the Court stated it would "resolve this matter as quickly as reasonably possible." On or about June 28, 2004, Ms. Kaweesa, through counsel, submitted a brief as requested by this Court. Neither Ms. Kaweesa nor her counsel have received notice of the Court's ruling on this additional information.

On October 20, 2004, the Respondents filed a Second Notice of Scheduling Removal citing the expiration of this Court's stay on June 11, 2004, and to provide notice that the removal of the Petitioner has been scheduled for November 20, 2004. *(Attached please find a copy of the Respondents Second Notice of Scheduling Removal).*

### Petitioner's Request for a Stay of Removal Should be Granted Because Petitioner will Suffer Irreparable Harm if Removed to Uganda and a Stay of Removal will not Prejudice the Government

As discussed in prior motions, Ms. Kaweesa is at substantial risk of being killed, raped, tortured or imprisoned if she is returned to Uganda. Ms. Kaweesa's fear of the harm that will befall her is objectively reasonable, in light of the persecution she and her family endured at the hands of the government on account of their religious and political activities, including the

4

severe beatings that left her son Fred hospitalized. News reports indicate that the human rights situation has worsened, with torture on the rise. The Ugandan government is presumed to know that Juliette will be deported because travel papers were granted to the United States. Ms. Kaweesa fears that the Ugandan government will be waiting for her upon arrival at the airport. If Ms. Kaweesa is deported prior to the resolution of her claims, it will be too late. Grant of a stay is particularly necessary in a case, such as this, where the petitioner's claims has neither been heard nor resolved in any jurisdiction. Should her claims be rejected on their merits in accordance with principles of due process, then Ms. Kaweesa shall be removed in accordance with the Court's rulings. However, Ms. Kaweesa should not be made to suffer fear of imminent death or torture without having a chance to state her claims. The Court should grant Ms. Kaweesa a stay until this Court has made a final ruling on her claims.

Having kept Ms. Kaweesa in custody for more than eighteen months already, DHS will not be prejudiced by a stay pending the resolution of this matter on its merits. As DHS often detains individuals in custody for many, many months in order to negotiate the issuance of travel documents, this delay on Ms. Kaweesa's part does not hinder DHS in any way. As this case continues to progress towards a conclusion, the minor delay in addition to those that have already been endured would not cause any undue hardship or prejudice upon the Respondent, especially this close to resolution. The Respondents waited five months to issue the *Notice of Removal*, any additional delays are of no consequence.

Finally, Ms. Kaweesa is an asset to her community and merits favorable exercise of discretion. Given these reasons and the human rights at issue, any delay requested by Ms. Kaweesa should be forgiven.

### Conclusion

WHEREFORE, Ms. Kaweesa prays that this Court grant the following relief:

1) Grant Petitioner a Stay of Removal pending resolution of this matter;
2) Grant Petitioner relief on all issues; and
3) Grant any other and further relief which this Court deems just and proper.

Respectfully submitted,
Alien Juliette Kaweesa
By her attorneys,

_____          _____
Ara H. Margosian                             Mark E. Pelosky
Law Offices of Ara H. Margosian, P.C.   Law Offices of Mark Pelosky, P.C.
BBO#560556                                   BBO#635022
415 Mt. Auburn Street                       375 Broadway St, St207
Watertown, MA 02472                      Chelsea, MA 02150
(617) 926-8944                                (617) 884-8100


Date: November 8, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I, _____, forwarded a true copy of the foregoing Memorandum of Law via hand delivery to the following:

United States District Court for the District of Massachusetts
Clerk's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210


Mark Grady
Assistant U.S. Attorney
U.S. Attoney's Office
John Joseph Moakley U.S. Court House
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210


Dated: November 10, 2004

_____
(signature)

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIETTE NALUBWAMA KAWEESA,<br>    Petitioner,<br><br>v.<br><br>JOHN D. ASHCROFT,<br>BRUCE CHADBOURNE, and<br>KATHLEEN M. DENNEHY,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO:<br>)  Docket # 04-10513-WGY<br>)<br>)<br>)<br>) |

### RESPONDENTS' SECOND NOTICE OF SCHEDULING OF REMOVAL

Now come the Respondents, pursuant to this Court's March 17, 2004, order, and in light of the expiration of this Court's stay, on June 11, 2004, to provide notice that the removal of the Petitioner has been scheduled to go forward on November 20, 2004.

Respectfully submitted,
MICHAEL J. SULLIVAN

United States Attorney

_/s/ Mark J. Grady_____
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136

### Certificate of Service

I hereby certify that a true copy of the above document was served upon the Petitioner's counsel by mail this 20th day of October 2004.

_/s/ Mark J. Grady_____
Mark J. Grady
Assistant U.S. Attorney