UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIETTE KAWEESA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 04-10513-WGY |
| ) | |
| ALBERTO GONZALES, Attorney General ) | |
| of the United States, et al., ) | |
| ) | |
| Respondents. ) | |

**MOTION TO TRANSFER CASE TO THE FIRST CIRCUIT COURT OF APPEALS PURSUANT TO SECTION 106(c) OF THE REAL ID ACT OF 2005**

Respondent moves to transfer this action to the First Circuit Court of Appeals pursuant to Section 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("RIDA"). See Attachment A.

As noted more fully below, Congress has eliminated habeas jurisdiction to entertain challenges to the validity of orders of removal and provided for exclusive jurisdiction for such claims in the courts of appeal. Congress has further directed that any habeas claim challenging the validity of an order of removal pending on the date of enactment, May 15, 2005, shall be transferred to the court of appeals.

On November 18, 2004, this Court transferred a portion of this habeas claim to the First Circuit Court of Appeals and retained habeas jurisdiction should the First Circuit Court of Appeals deny the Petitioner relief. To the extent that this Court has retained jurisdiction over any habeas claim of the Petitioner, any and all such claims must be transferred to the Court of Appeals in accord with the directive of the RIDA.

I. **THE DISTRICT COURT NOW LACKS SUBJECT MATTER JURISDICTION OVER PETITIONER'S CLAIMS AND EXCLUSIVE JURISDICTION EXISTS IN THE COURT OF APPEALS**

On May 11, 2005, the President signed into law the RIDA which, among other things, amends certain provisions of the Immigration and Nationality Act ("INA"). Section 106(a) of the RIDA has explicitly and unequivocally eliminated habeas jurisdiction in the district courts to entertain any challenge to the validity of a removal order. Specifically, Section 106(a)(2) of the RIDA, amends 8 U.S.C. §1252(9) to provide:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW- Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. *Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.*

Id. (amendments italicized). Section 106(a)(3) of the RIDA further amends 8 U.S.C. § 1252(g) to provide:

> EXCLUSIVE JURISDICTION.--Except as provided in this section and *notwithstanding any other provision of law (statutory or nonstatutory) including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title,* no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

Id. (amendments italicized).

Congress has also amended the judicial review provisions of the INA to explicitly provide that jurisdiction to review any and all removal orders lies exclusively in the United States Circuit Courts of Appeals and that no other court has any jurisdiction to review the validity of such removal orders. Section 106(a)(1)(B) of the RIDA creates a new INA section 242(a)(5), 8 U.S.C. § 1252(a)(5):

> (5) EXCLUSIVE MEANS OF REVIEW- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms `judicial review' and `jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Id. Congress has also repealed the prior limitation on appeals by criminal aliens.[1] Section 106(a)(1)(A)(iii) of the RIDA provides:

> JUDICIAL REVIEW OF CERTAIN LEGAL CLAIMS.-
> Nothing in subparagraph (B) or (C) [i.e., INA sections 242(a)(2)(B) and (C), 8 U.S.C. §§ 1252(a)(2)(B) and (C)], or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Id.[2]

---

[1] Prior to the enactment of the RIDA, criminal aliens were precluded from appealing their removal orders to the courts of appeal. See former 8 U.S.C. § 1252(a)(1)(C).

3

These amendments became effective on the date of enactment, May 11, 2005. Section 106(b) of the RIDA provides:

> EFFECTIVE DATE.- The amendments made by subsection [RIDA 106] (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.

Id.

The sum and substance of these amendments is to make explicit that no court other than the court of appeals has any subject matter jurisdiction respecting "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States," and respecting "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this [INA]." See INA sections 242(b)(9) and 242(g), codified at 8 U.S.C. §1252(b)(9) and (g), respectively, as amended by the RIDA.

This action is indisputably within Congress' constitutional authority. See INS v. St. Cyr, 533 U.S. 289, 314 n.38 (2001) ("Congress could without raising any constitutional questions, provide an adequate substitute [to section 2241] through the courts of appeal."); see also Swain v. Pressley, 430 U.S. 373, 381 (1977) ("[T]he

---

[2] See also, Conference Report, 151 Cong. Rec. H2813, 2873, 109th Cong., 1st Sess., available at 2005 WL 1025891 (May 3, 2005)("Under the amendments in section 106, all aliens will get review in the same forum -- the courts of appeal.").

4

substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention" does not violate the Suspension Clause).

Thus, this Court no longer has jurisdiction and exclusive jurisdiction to entertain the Petitioner's claims lies in the court of appeals.

**II.    CONGRESS HAS DIRECTED THAT ALL PENDING HABEAS ACTIONS CHALLENGING AN ORDER OF REMOVAL BE TRANSFERRED TO THE COURT OF APPEALS IN WHICH A DIRECT PETITION FOR REVIEW WOULD HAVE BEEN APPROPRIATELY FILED**

To further effectuate this revision of the judicial review provisions, Section 106(c) of the RIDA provides that any habeas corpus actions challenging the validity of any order of removal pending on May 11, 2005, the date of the RIDA enactment, shall be transferred to the appropriate court of appeals. That section provides:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant

>Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply. [3]

Id.

This action, challenging the validity of the Petitioner' order of removal, was pending on May 1, 2005. As Kaweesa was ordered removed by an Immigration Judge in Boston, Massachusetts, this matter should be transferred to the First Circuit Court of Appeals in accord with the direction of Section 106(c).

---

[3] INA section 242(b)(1), 8 U.S.C. § 1252(b)(1), is the requirement that judicial review petitions to the circuit courts be filed within 30 days of the date of a final order of removal. Thus, habeas cases transferred to the circuit court under RIDA section 106(c) are essentially forgiven what otherwise could be a statutory jurisdictional time bar in most cases.

## CONCLUSION

Accordingly, the Court now lacks subject matter jurisdiction over the petition and this case should be transferred to the First Circuit Court of Appeals pursuant to section 106(c) of the RIDA.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney
>United States Attorney's Office
>John Joseph Moakley Courthouse
>One Courthouse Way
>Boston, MA 02210
>(617) 748-3100

## CERTIFICATE OF COMPLIANCE

I hereby certify that I spoke to Attorney Margosian regarding the relief sought by way of this motion on May 16, 2005.

>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on May 16 , 2005.

>/s/ Mark J. Grady
>Mark J. Grady
>Assistant U.S. Attorney