UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JULIETTE NALUBWAMA KAWEESA | ) | CIVIL ACTION NO: |
| | ) | Docket #04-10513-WGY |
| Petitioner, | ) | |
| v. | ) | |
| ALBERTO GONZALES, Attorney General Of the United States, et al., | ) | |
| Respondents. | ) | |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO RESPONDENTS'
MOTION TO TRANSFER**

I.   **INTRODUCTION**

Section 106(a) of the newly enacted REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 purports to eliminate habeas corpus jurisdiction over challenges to final orders of removal, deportation, or exclusion.[1] The REAL ID Act further provides that district courts must transfer pending habeas corpus petitions challenging final orders of removal, deportation, or exclusion (or the part of the case challenging a final removal, deportation or exclusion order) to the court of appeals in which a petition for review could have been filed. REAL ID § 106(c). Thus, by its express terms, the REAL ID Act provides that transfer is <u>not</u> appropriate in certain cases (or parts of certain cases). In addition, there may be other statutory and/or constitutional reasons why transfer is not appropriate in certain cases.

II.  **MOTION FOR EXTENSION OF TIME**

On May 16, 2005, Respondents filed a motion to transfer the instant case to the U.S. Court of Appeals for the First Circuit. The basis of Respondents' motion is that such transfer is required by § 106(c) of the REAL ID Act.

Pursuant to Local Rule 7.1, Petitioner's response to Respondents' motion is due fourteen (14) days after the motion was served on Petitioner. Thus, Petitioner's response is currently due on June 1, 2005.

The Local Rules further provide that a party may file a motion to extend time to file a responsive pleading and that the motion may be granted upon a showing of good cause. An

---

[1] The newly enacted provisions of the REAL ID Act became effective upon enactment and apply to final orders of removal, deportation, or exclusion issued before, on, or after enactment. REAL ID Act § 106(b).

2

extension of time to respond to Respondents' motion to transfer is warranted in this case for the following reasons.

The REAL ID Act's purported elimination of habeas corpus review of final orders of removal, deportation and exclusion is a monumental change in immigration law and a dramatic departure from the historical role of habeas corpus in reviewing the legality of executive detention. As the Supreme Court has stated "[t]he writ of habeas corpus has *always* been available to review the legality of executive detention." *INS v. St. Cyr*, 533 U.S. 289, 364-65 (2001). Emphasis added.

The issues presented in Respondents motion, including whether and, if so, how the REAL ID Act's provisions impact the instant case (specifically, whether transfer is appropriate and, if so, to which court of appeals the case should be transferred) are issues of first impression. A reasonable extension of time is warranted to allow undersigned counsel to adequately consider and address the new law's application to the instant case. Moreover, because any transfer order the court of appeals later determines was issued in error would significantly delay the instant litigation, permitting undersigned counsel a reasonable extension of time at this juncture may also further the interests of judicial economy.

### III.   CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant a thirty (30) day extension of time in which to file a response to Respondents' motion to transfer, such that the brief would be due on July 1, 2005.

Dated:   May 19, 2005                             Respectfully submitted,


                                                  Alien Juliette Kaweesa
                                                  By her attorney,


                                                  _____
                                                  Ara H. Margosian II
                                                  Law Offices of Ara H. Margosian, P.C.
                                                  BBO#560556
                                                  415 Mt. Auburn Street
                                                  Watertown, MA 02472
                                                  (617) 926-8944

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I, Ara H. Margosian, II, Esq., forwarded a true copy of the foregoing Petitioner's Motion for Extension of Time to Respond to Respondents' Motion to Transfer via first class mail to the following:

>Mark Grady
>Assistant U.S. Attorney
>U.S. Attoney's Office
>John Joseph Moakley U.S. Court House
>1 Courthouse Way, Suite 9200
>Boston, Massachusetts 02210

Dated: May 19, 2005

*Ara Margosian /ip*

(signature)